U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2011 JUN 20  PM 4: 31

CLERK

BY_____PM_____
DEPUTY CLERK

)
)
In re: Robert Zorn                          )          Case No. 5:11-mc-40
)
)

**ORDER DENYING IN PART, MOTION FOR LEAVE TO FILE COMPLAINT,
AND GRANTING LEAVE TO SHOW CAUSE**
(Doc. 1)

Plaintiff Robert Zorn, representing himself, has submitted a request for leave to file a Complaint.  Because of Mr. Zorn's "proclivity for filing meritless and resource-consuming claims," he has been barred from filing any new actions without receiving leave of the court. *See Zorn v. Brown*, No. 1:05-cv-297, slip op. at 4 (D. Vt. Nov. 30, 2005).[1]  The court must therefore review his motion to determine if his proposed claims are "repetitive, meritless, frivolous, malicious, intended to harass, delusional, or otherwise barred." *Id.*

Mr. Zorn first seeks to remove several cases from the state courts.  In at least two of the listed cases, Mr. Zorn is the plaintiff. *See Zorn v. Smith*, 2011 WL 341385, at *1 (Vt. Feb. 4, 2011); *Zorn v. Ryan*, 2009 WL 2413733, at *1 (Vt. Apr. 15, 2009).  This court has previously explained to Mr. Zorn that removal is only available to state court defendants. *See Zorn v. Brown*, No. 1:05-cv-297, slip op. at 2 (D. Vt. Nov. 30, 2005) (citing 28 U.S.C. § 1441).

With respect to the other state court cases listed in his filing, in which Mr. Zorn may be a defendant, he has not set forth any basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1446(a); (Doc. 1-1 at 2.)  Such jurisdiction is required under the federal

---

[1] The Second Circuit has imposed a similar sanction against Mr. Zorn. *See In re Robert E. Zorn*, No. 09-4273-cv, 09-4278-cv, 09-4281 (consolidated), slip op. at 2 (2d Cir. June 8, 2010) (ordering the Clerk of Court to "refuse to accept for filing any further submissions from Appellant unless he first obtains leave of the Court to file such papers.").

removal statute, and the grounds for removal must be set forth in the notice of removal. *See* 28 U.S.C. § 1441(a)-(e); *see also Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994) (defendant bears burden of demonstrating propriety of removal). Because Mr. Zorn's efforts to remove his state court cases do not meet these requirements, he is DENIED leave to bring a removal action at this time.

A significant portion of Mr. Zorn's proposed Complaint involves a paragraph-by-paragraph challenge to the Vermont Supreme Court's ruling in *Zorn v. Smith*. (Doc. 1-1 at 18-38, 59-84.) To the extent that Mr. Zorn is asking this court to review the Vermont Supreme Court's decision in that case, a federal district court generally does not sit as an appellate court for state court rulings. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *Brooks-Jones v. Jones*, 916 F. Supp. 280, 281 (S.D.N.Y. 1996). That role belongs exclusively to the United States Supreme Court. *See* 28 U.S.C. § 1257(a).

Insofar as Mr. Zorn is seeking to bring new civil rights claims, independent of any removal or review of state court cases, his claims are difficult to discern. All of Mr. Zorn's claims appear to arise out of previous litigation in both the state and federal courts. For example, Mr. Zorn asserts in part that

> [w]hereby since the Judiciary of U.S. Dist. Court Vt. and the State of Vermont allowed the falsification of Judicial Records of related case [listing cases] . . . not only new claims but false claims to make Robert E. Zorn totally incompetent by the state of Vt. and private sector persons to take all Robert E. Zorn's property have occurred to illegally seize his property.

(Doc. 1-1 at 42.) Elsewhere in his filing, Mr. Zorn makes reference to "unlawful restraint, defamation, witness tampering, reckless endangerment . . . , and the State Police violating witness abuse prevention orders . . . ." *Id.* at 12. Several of these claims echo allegations he has presented in prior cases. *See, e.g., In re Zorn*, 2009 WL 3063007, at *1 (D. Vt. Sept. 17, 2009) (denying leave to file claims accusing state courts of fraud, racketeering, and concealing judicial records); *Zorn v. United States*, 2005 WL 1009543, at *3 (D. Vt. Apr. 27, 2005) (dismissing allegation that attorney failed to charge Mr.

Zorn's neighbors with reckless endangerment). Moreover, none of his legal conclusion are supported by specific facts. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). In the absence of any plausible legal claims, Mr. Zorn's motion for leave to file a civil rights claim is DENIED.

In addition to his efforts to remove state court cases and bring conclusory civil rights claims, Mr. Zorn also appears to be protesting his involuntary commitment by the State of Vermont. (Doc. 1-1 at 5, 11.) This is a potentially legitimate claim in federal court, provided that the appropriate state court remedies have been exhausted. *See* 28 U.S.C. § 2254(b)(1). Specifically, Mr. Zorn may be entitled to file a petition for a writ of habeas corpus, after fully exhausting his state court remedies, challenging the fact or duration of his involuntary commitment. *See Buthy v. Comm'r of Office of Mental Health*, 818 F.2d 1046, 1051 (2d Cir. 1987); *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *Hunter v. Gipson*, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008). His filing, however, does not give any indication of state court exhaustion.

The purpose of exhaustion is to give the state court an opportunity to correct any errors in the state process. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In order to satisfy the exhaustion requirement, a petitioner must have presented his claim to the highest court of the state. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808-09 (2d Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Here, Mr. Zorn has not shown that he has challenged his involuntary commitment by means of either a direct appeal, or an appeal of a collateral proceeding, to the Vermont Supreme Court.

The exhaustion requirement in the federal habeas corpus statute is not jurisdictional, and is instead required as a matter of comity. *See Brown v. New York*, 2010 WL 1260205, at *4 (E.D.N.Y. March 31, 2010). The Second Circuit has held that when a habeas corpus defense is not jurisdictional, a court should not dismiss a petitioner's claim *sua sponte* without first providing him notice and an opportunity to be

3

heard. *See Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Canada v. Denelli*, 2007 WL 4125150, at *1 (W.D.N.Y. Nov. 15, 2007). Accordingly, if the court construes part of Mr. Zorn's proposed filing as a habeas corpus challenge, it may not dismiss that challenge without providing him an opportunity to be heard on the issue of exhaustion.

Mr. Zorn is therefore directed to show cause, in a written filing with the court, why his potential habeas corpus challenge should not be barred for failure to exhaust his claims in the state courts. The filing shall be submitted to the court within thirty (30) days of this Order. Failure to comply with this deadline will result in the denial without prejudice of the remainder of Mr. Zorn's motion for leave to file. No responses are required from other parties at this time.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this *20* day of June, 2011.

Christina Reiss, Chief Judge
United States District Court